■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL SMALLWOOD, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J. at trial and sentence), rendered January 27, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, to run concurrently with defendant's conviction under Ind. No. 2741/88, unanimously affirmed.

A police officer, stationed in an observation post, equipped with binoculars, observed defendant sell a tinfoil of cocaine to one Jose Padilla near the intersection of Avenue C and East 6th Street. Defendant was under surveillance for a total time of approximately 25 minutes. Both defendant and Padilla were arrested, and the tinfoil packet of cocaine recovered.

Defendant's contention that a jury charge on identification should have been given is unpreserved for appellate review as a matter of law, since no exception was taken on that ground and we decline to reach it in the interest of justice. The circumstances of this case do not warrant reversal in the interest of justice since a trained officer observed defendant for a lengthy period of time, and thus, no genuine issue of identification was raised at trial. Rather, the question of defendant's guilt revolved around the officer's credibility and not upon the accuracy of his identification testimony. *(People v Eligios,* 158 AD2d 257, *lv denied* 76 NY2d 734.)

The court's charge on reasonable doubt, did not, as defendant argues, create a presumption of guilt or diminish the burden of proof. The jury was correctly and explicitly charged that defendant was presumed innocent. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.